IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM P. LACEY, # 09962-029,  )
                                )
       **Plaintiff,**          )
                                )
vs.                             )   Case No. 11-cv-0194-MJR
                                )
DR. SZOKE,                      )
LISA HOLLINGSWORTH,             )
M. CHASTAIN,                    )
                                )
       **Defendants.**         )

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate currently in the Federal Correctional Institution in Seagoville, Texas, was at all times relevant to this suit housed in the United States Penitentiary in Marion, Illinois. Plaintiff brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. ***See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)**. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

1

**28 U.S.C. § 1915A**. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

**Facts:**

The following facts are gleaned from Plaintiff's complaint (Doc. 1). Plaintiff suffers from a number of medical problems, including paralysis on the left side of his body that causes his left foot to drag. Because of this drag, Plaintiff often falls and receives cuts and bruises on his body. These injuries were treated by Defendant Szoke while Plaintiff was in Marion. Because of the difficulties he has walking, Plaintiff asked Defendants Szoke, Chastain, and Hollingsworth for a wheelchair similar to the one he used before being sent to prison. This request was denied. Plaintiff then requested a transfer to a medical prison so as to better receive treatment for his various conditions. This request was also denied. Plaintiff was later transferred to the Federal Correctional Institution in Seagoville, Texas.

**Discussion:**

Plaintiff first claims that he was denied use of a wheelchair by Defendants Szoke, Chastain and Hollingsworth, and that such a denial amounts to deliberate indifference to his medical needs. This is the third case in which Plaintiff has attempted to bring this claim. *See Lacey v. U.S.A. et al.,* Case No. 08-cv-0483-JPG (S.D. Ill., filed July 7, 2008); *Lacey v. U.S.A. et al.,* Case No. 10-cv-0273-GPM (S.D. Ill., filed April 12, 2010); *Lacey v. Szoke, et al.,* Case No. 11-cv-0194-MJR (S.D.

Ill., filed March 14, 2011). In the first case, Judge Gilbert dismissed the claim with prejudice for failing to state a claim upon which relief could be granted, as it was determined that the denial of a wheelchair did not state a constitutional claim. (Case No. 08-cv-0483, Doc. 11). In the second case, Judge Murphy informed Plaintiff that his claim was barred by the doctrine of *res judicata*, i.e. claim preclusion, due to the decision by Judge Gilbert in the first case. (Case No. 10-cv-0273, Doc. 9).

Plaintiff's current claim for deliberate indifference relating to the denial of a wheelchair will likewise be dismissed on the ground of *res judicata*. As Plaintiff was informed by Judge Murphy, this doctrine applies where there has been "[1] a final judgment on the merits; [2] an identity of the issues of the lawsuit; and [3] an identity of the parties or their privies." **Hamdan v. Gonzales, 425 F.3d 1051, 1059 (7th Cir. 2005)**. Judge Gilbert issued a final judgment on the merits of Plaintiff's deliberate indifference claim when he ordered that the denial of a wheelchair did not state a constitutional claim. Because that order was with prejudice, Plaintiff was, from that point onward, foreclosed from bringing the same claim in another suit. However, this has clearly not stopped Plaintiff from attempting to raise the same claim, as this is the second time the Court has had to inform Plaintiff that the claim is barred. Consequently, the Court **WARNS** Plaintiff that should he continue to attempt to bring this claim in future suits, the Court may impose sanctions in an attempt to curb the vexatious filings.

Plaintiff next claims that he asked Defendants Szoke, Chastain and Hollingsworth for a transfer to a medical prison, but Defendants denied this transfer in violation of his constitutional rights. However, Plaintiff does not have a constitutional right to be freely transferred from one prison to another at his request. **See DeTomaso v. McGinnis, 970 F.2d 211, 212 (7th Cir. 1992)**. The Constitution does not give prisoners the right to remain in one institution over another,

3

and it does not give prisoners the right to demand transfer. *See also Meachum v. Fano*, **427 U.S. 215, 224 (1976) (the Constitution does not guarantee placement in a particular prison)**.[1] Prisoners do not have liberty or property interests in their prison assignments, so that the transfer, or failure to transfer, of a prisoner is within the bounds of the constitution**. *See DeTomaso*, 970 F.2d at 212; *Montanye v. Haymes*, 427 U.S. 236 (1976)**.

Plaintiff does not have a constitutional right to be transferred to the prison of his choice. A right is not created simply because Plaintiff requests the transfer for medical reasons. Where a constitutional right does not exist, there can be no violation, and thus there can be no relief granted. Plaintiff had no constitutional right to be transferred to a medical prison; thus there was no constitutional violation by Defendants Szoke, Chastain and Hollingsworth. This claim is dismissed for failure to state a claim upon which relief can be granted.

**Disposition:**

**IT IS HEREBY ORDERED** that Plaintiff's complaint is **DISMISSED**, with prejudice, pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). Plaintiff is **ADVISED** that as he has incurred strikes in *Lacey v. U.S.A. et al.,* No. 08-483-JPG (S.D. Ill., filed July 7, 2008) and *Lacey v. U.S.A. et al.,* No. 10-273-GPM (S.D. Ill., filed April 12, 2010), this

---

[1] The caveat to this rule – involving transfer or assignment to a prison where the conditions impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" – does not apply here, where the transfer decision does not involve Tamms Correctional Center, the closed maximum security prison (*i.e.*, supermax prison) in Illinois. *See Westefer v. Snyder*, **Civil No. 00-162-GPM (S.D. Ill. decided July 20, 2010)(***citing Sandin v. Conner***, 515 U.S. 472 (1995))**.

decision shall constitute his third strike.  Pursuant to 28 U.S.C. § 1915(g), Plaintiff will hereby be foreclosed from bringing an action in any federal court without prepayment of the filing fee, unless Plaintiff can adequately show that he is under imminent threat of serious physical danger.  All pending motions are **DENIED** as moot.

      **IT IS SO ORDERED.**

      **DATED: June 21, 2011**

                                      /s/ **MICHAEL J. REAGAN**
                                      **MICHAEL J. REAGAN**
                                      **United States District Judge**